IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

NICHOLAS GRAYSON,

    Petitioner,

v.                                                               Case No. 2:22-cv-02843-MSN-tmp

WARDEN BOWERS,

    Respondent.

---

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 AS MOOT; CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is the *pro se* Petition for Habeas Corpus pursuant to § 2241 (ECF No.1, "§ 2241 Petition") filed on December 9, 2022, by Petitioner Nicholas Grayson. When Grayson filed the § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis") under Federal Bureau of Prisons ("BOP") register number 76628-112. Petitioner paid the case filing fee on January 3, 2023. (ECF No. 5.) On January 5, 2023, the Court directed Respondent to respond to the Petition. (ECF No. 7.) On February 2, 2023, Respondent answered the Petition. (ECF No. 9, "Response".) On May 10, 2023, Petitioner was released. For the reasons stated below, the § 2241 Petition (ECF No. 1) is **DENIED** as moot.

I.     **FACTUAL BACKGROUND**

When the § 2241 Petition was filed, Grayson was serving a sentence of sixty-eight (68) months of imprisonment followed by a three-year term of supervised release for Conspiracy to Distribute a Schedule II substance, in violation of 21 U.S.C. § 841(a)(1) and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §1956(a)(1)(a)(I). (ECF No. 9-2 at PageID 47.)

Petitioner's sentence was imposed on January 24, 2022 by the United States District Court for the Southern District of Indiana. (*Id.*) Petitioner entered the custody of the Federal Bureau of Prisons ("BOP") on March 10, 2022. (*Id.*)

Petitioner was deemed eligible to receive Time Credits on March 28, 2022. (ECF No. 9-5 at PageID 52; ECF No. 9-6 at PageID 57.) Pursuant to the Department of Justice's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") risk assessment tool, Petitioner received four risk assessments: March 30, 2022, June 14, 2022, August 23, 2022, and November 15, 2022. (ECF No. 9-5 at PageID 53; ECF No. 9-6 at PageID 57–58; ECF No. 9-7 at PageID 59–62.)

On March 30, 2022, Petitioner was deemed by PATTERN to be a high risk inmate. (ECF No. 9-5 at PageID 53; ECF No. 9-7 at PageID 59.)

On August 23, 2022 and November 15, 2022, PATTERN scored Petitioner as a medium risk inmate. (ECF No. 9-5 at PageID 53; ECF No. 9-7 at PageID 61–62.)

On January 19, 2023, Petitioner received an updated First Step Act ("FSA") Time Credit worksheet wherein he received 100 Time Credits that he could apply once he reached a low or minimum risk and maintained it for two consecutive assessment periods. (ECF No. 9-5 at PageID 53; ECF No. 9-8 at PageID 63.) The calculations in Petitioner's January 19, 2023 FSA Time Credit worksheet projected his good conduct time release date as May 10, 2023. (ECF No. 9-5 at PageID 55; ECF No. 9-6 at PageID 57; *see also* ECF No. 1 at PageID 6.)

In the § 2241 Petition, Petitioner contended that he was entitled to immediate release based on his FSA Earned Time Credits because he has a low recidivism rate. (ECF No. 1 at PageID 5 and 9–10.) He sought immediate release from BOP custody. (*Id.* at PageID 11 and 13.)

2

**II.     ANALYSIS**

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A case becomes moot when events occur that render the court unable to grant the requested relief and when no actual injury remains that the court could redress. *Demis v. Sniezek*, 558 F.3d 508, 512–13 (6th Cir. 2009). When a prisoner's sentence has expired, "some concrete and continuing injury . . . —some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. at 512.

In the Response, Respondent points out that Petitioner had "a good conduct time release date of May 10, 2023." (ECF No. 9 at PageID 32.) The BOP's Inmate Locator website confirms the accuracy of Respondent's projection. The BOP website reflects that Petitioner was indeed released on May 10, 2023, as Respondent represented. (*See* https://www.bop.gov/inmateloc/ (last accessed Dec. 13, 2024).)

3

A habeas petition seeking FSA sentencing credits becomes moot if the BOP grants the credits and releases that petitioner from the sentence. *See Inniss v. Hemingway*, 657 F. Supp. 3d 986, 988 (E.D. Mich. 2023); *see also Atwood v. FCI Berlin Warden*, No. 22-CV-526-JL, 2023 WL 2308531, at *1 (D.N.H. Jan. 19, 2023), *report and recommendation adopted,* No. 22-CV-526-JL, 2023 WL 2302863 (D.N.H. Mar. 1, 2023) ("A prisoner's release from BOP custody moots his § 2241 petition challenging the calculation of his time credits and the length of the imprisonment component of his sentence"). Petitioner's claim in § 2241 Petition about his FSA good time credits is now moot.

Further, a prisoner's claim for injunctive relief—in this case, Petitioner's request for "appli[cation] [of] […] his accrued ETCs [earned time credits] to his 3 year term of Supervised Release" (ECF No. 1 at PageID 13)—becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *See Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003). Petitioner's release from BOP custody rendered it impossible for the Court to grant his requests for (1) application of accrued ETCs to his supervised release three-year term and (2) his "immediate place[ment] in prerelease custody." (ECF No. 1 at PageID 13.)

The issues presented in Petitioner's § 2241 Petition have either been resolved or the relief sought is now impossible to grant. For these reasons, the § 2241 Petition (ECF No. 1) is **DENIED** as moot. Judgment shall be entered accordingly.

### III.    APPELLATE ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get

a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Accordingly, Petitioner's § 2241 Petition is **DENIED** as moot. Further, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED**, this 14th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.